O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BD 290216

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ILUNGA ADELL, | ) | Case No. CV 13-04103 DDP (AJWx) |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR REMAND** |
| v. | ) | [Dkt. No. 16] |
| ROSALYN WILLIS ILUNGA; PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN, | ) | |
| Defendants. | ) | |

    Presently before the court is Claimant and Cross-Complainant Producer-Writers Guild of America Pension Plan ("Pension Plan")'s Motion for Remand.  Having considered the parties' submissions, the court GRANTS the Motion and adopts the following order.

    The case was removed from the proceeding to dissolve the marriage between Ilunga Adell and Rosalyn Willis Ilunga ("First Wife"), Los Angeles Superior Court, Case No. BD290216.  Adell was later married to Terry Williams-Ilunga, who removed this action to federal court ("First Wife Dissolution").  Another proceeding in the Los Angeles Superior Court, Case No. BD346040, was filed to dissolve the marriage between Adell and Williams-Ilunga.  The

Pension Plan was not originally a party to either of these dissolution proceedings. It is an employee benefit plan under the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1002(2), providing retirement benefits. Adell is a participant in the Pension Plan, who has had contributions made on his behalf, an account of covered employment. On September 28, 2012, Adell submitted an application to the Pension Plan for early retirement benefits. His application was approved for benefits commencing November 1, 2012. (RJN Exh. H-6.) Prior to Adell's application for retirement benefits, both First Wife and Williams-Ilunga made claims against the pension benefits from the Pension Plan.

The Pension Plan was joined in the First Wife Dissolution. (RJN Exh. D.) After being served with the joinder, the Pension Plan filed a responsive pleading as allowed by Family Code § 2063(b). The Pension Plan chose to file an Interpleader in the Family Court, under Code Civ. P. § 386. The Interpleader was filed as a Cross-Complaint, naming Adell and First Wife as Cross-Defendants, and adding Williams-Ilunga as a Third-Party Cross Defendnat.

The Pension Plan has provided a Proof of Service of the Summons and Interpleader to Williams-Ilunga on May 3, 2013. (RJN Exh. F.) On June 4, 2013, Williams-Ilunga attempted to file a "Request for Notice of Removal" in a separate action, <u>Williams-Ilunga v. Gonzalez</u>, 12-CV-08592, which was rejected by the court. On June 4, 2013, Williams-Ilunga filed a Notice of Removal in this action. Her default was taken on June 19, 2013, and the default of Adell was taken on June 26, 2013. (Dkt. Nos. 9 & 14).

The Pension Plan moves to remand for three reasons: (1) the

removal was untimely, (2) a cross-defendant may not remove a cross-complaint, and (3) not all defendants have joined in or consented to the removal.  The court assumes for the sake of argument that the removal was timely, but nonetheless remands the action.

Under 28 USC § 1441(a), "the defendant or the defendants" of a civil action may remove a state court action to federal court if "the district courts of the United States have original jurisdiction" over that action.  The Pension Plan does not here dispute that the court has original jurisdiction over the action, but argues that Williams-Ilunga is not a defendant in the civil action.  The court agrees.  In <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941), the Supreme Court held that only an original defendant could remove a state action to federal court.  In the Ninth Circuit, third party defendants cannot remove actions to federal court.  <u>Westwood Apex v. Contreras</u>, 644 F.3d 799, 805 (9th Cir. 2011)("Since <u>Shamrock Oil</u>, the law has been settled that a counterclaim defendant who is also a plaintiff to the original state action may not remove the case to federal court. . . . Likewise, the Shamrock Oil rule has been extended to preclude removal by third-party defendants to an action.")(internal citations omitted).

Williams-Ilunga was brought in as a third party defendant by the counterclaim of the Interpleader.  Therefore, Williams-Ilunga is not a defendant who is able to remove the action.

Additionally, the removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b).  Here,

3

1  the First Wife has not joined in the removal and is opposed to it.
2  (Sackman Decl. ¶2, Exh.O ("My client [First Wife] did not consent
3  to the removal of the Interpleader to federal court.  We are
4  opposed to the Removal of the Interpleader action to federal court
5  and request[] that it remain in state court under [the First Wife
6  Dissolution matter]").)  The removal is therefore improper for that
7  reason as well.
8       Whether Williams-Ilunga was improperly joined is immaterial to
9  the propriety of removal to federal court.  She may challenge her
10 joinder in State Court.  Likewise, the merits of the underlying
11 action are irrelevant to the propriety of removal.  The court takes
12 no position on the merits, but finds that the action was improperly
13 removed to this court.
14      For these reasons, the Motion is GRANTED.  The case is
15 remanded to state court.  The Motion to Set Aside Default (Dkt. No.
16 12) and the Request to file Sur-Reply (Dkt. No. 25) are VACATED as
17 moot.

19 IT IS SO ORDERED.

22 Dated: August 6, 2013
                                     DEAN D. PREGERSON
23                                   United States District Judge

4